THE PEOPLE ex rel. MULLER *vs.* DANIEL BEHRMAN.

Section 13 of Laws of 1831, chap. 300 (act to abolish imprisonment, &c.), requires the defendant on presenting a petition for discharge under that act to deliver an account of his creditors, but no particular form is prescribed and none need be observed. It is sufficient if there be a full and intelligible account of creditors.

Accordingly, where defendant presented a petition under the 12th section of that act, stating his committal to prison, that he had given a bond as provided by § 10, subd. 4, and giving an account of his property, and under the head of "charges affecting the same" was the following entry, "note to Messrs. W. S. & Son, due 29th August, 1840, $421.50;" and then followed a statement of many other debts. *Held*, on objection to granting a discharge on the ground (among others) that there was not such a statement as is required by the 3d and 5th articles of the statute relating to insolvent debtors (2 R. S., 16, 28), that defendant had delivered a sufficient account of creditors under the act of 1831.

The act of 1831 requires petitioner to deliver an account of his creditors and an inventory of his estate, &c., similar in all respects to the account and inventory required by the sixth article of the statute relating to insolvent debtors (2 R. S., 31, § 4), which does not require any account of creditors but only an account of the debtor's estate and of all the charges affecting the same, while the 3d and 5th articles (2 R. S., 17, § 5, and 28, § 2) require a full account of creditors, their residences, the amount due to each, &c., &c. The reason of this difference is that under the 3d and 5th articles all the creditors are interested, but under the 6th article, and under the act of 1831, only the particular creditor who takes proceedings under them. *Per* BRONSON, J.

An affidavit of defendant endorsed on the petition in the words prescribed by the statute referred to in § 13 of the act of 1831 is sufficient, though it say nothing in particular concerning the account of creditors.

Errors merely clerical, and such as would not mislead or prejudice the creditor, in the notice and papers served on him under § 14 of the act of 1831, do not affect the jurisdiction of the judge to whom the petition is presented.

And the judge does not lose his jurisdiction by continuing the hearing for more than thirty days with the consent of both parties.

Otherwise, without such consent. *Per* BRONSON, J.

An oath administered to petitioner that he shall make true answers to all such questions as shall be put to him touching his application for a discharge in the matter pending, is sufficient in form. And there is nothing in the act requiring that the assignee be sworn. *Per* BRONSON, J.

CERTIORARI at common law to James Lynch, one of the associate Judges of the court of general sessions of the peace of the city of New York. From the return of the judge it

appeared that on the 12th of January, 1841, Behrman presented a petition to the judge under the 12th section of the act to abolish imprisonment for debt. (Stat. 1831, p. 396.) The petitioner stated that he was committed to the New York jail in a civil cause at the suit of Muller, the relator, or on a complaint or proceeding against him and his copartner Lyon by Muller under the aforesaid act; that he had given bond as provided by the act (sec. 10, subd. 4) to apply for a discharge; and he prayed relief pursuant to the statute. The petitioner then proceeded to state, " that the following is a just and true account of all his estate, real and personal, in law and equity, and of all charges affecting the same, as the same existed at the time of his imprisonment in the said action according to the best of his knowledge and belief, to wit, real estate—none—personal estate—none, excepting the necessary wearing apparel," &c. After enumerating several articles of personal property, it was added—" *charges affecting the same* as follows, to wit, liabilities of petitioner as one of the firm of Lyon & Behrman—note to Messrs. William Stanton & Son due 29th August, 1840, $421.50 ;" and then followed a statement of many other debts. The petitioner made affidavit before the judge in the words prescribed by the statute referred to in the 13th section of the act. There was also an affidavit by a third person that he had on the 28th of December, 1840, served notice of the time and place of presenting the petition to the judge, and also a copy of the petion and account, on Muller, the creditor. On presenting the petition Muller appeared to oppose the discharge, and objected to the form of the papers, because they did not contain a statement of how the debts arose, nor what securities the creditors held, nor where the creditors resided. He also objected that the papers served on him were not true copies of the originals; and on comparing them two slight variances appeared to exist. The judge made no order in relation to these objections. Muller then requested that the petitioner should be examined on oath, and the petitioner was thereupon sworn by the judge to make true answers to all such questions as should be put to him touching his application for a discharge in the matter

pending. Muller objected to the form of the oath, but did not specify on what grounds. The petitioner was then examined at great length, and Lyon, his partner, was also examined. The hearing was adjourned from time to time by consent of parties until the 27th February, when the examination closed. The judge subsequently ordered an assignment, and finally discharged the prisoner. It did not appear to the judge that the assignee had taken any oath.

*J. L. Wendell*, for the relator.

*M. T. Reynolds*, for Behrman.

*By the Court*, BRONSON, J. By the 13th section of the act to abolish imprisonment for debt (Stat. 1831, p. 396), a defendant applying for a discharge is required to deliver " an account of his creditors, and an inventory of his estate, similar in all respects to the account and inventory required of a debtor " by 2 R. S., 31, § 4. But this section does not require any account whatever of creditors. It only requires an account of the debtor's estate, " and of all charges affecting the same." This probably led the defendant to give an account of his creditors under the head of *charges affecting his estate*. The form is well enough. There must be an account of creditors, because the 13th section requires it ; but as no particular form is prescribed, none need be observed. There is a full and intelligible account of creditors, and that is sufficient.

It is urged that there should be such an account as is required by the *third* and *fifth* articles of the statute (2 R. S., 17, § 5, and 28, § 2) relating to insolvent debtors—giving the residence of the creditor, the nature of the debt, the consideration, &c. But the answer is, that the 13th section of the act to abolish imprisonment for debt does not refer to those articles, but to the *sixth ;* and that, as we have already seen, requires no account whatever of the creditors. There was a reason for making this difference. In cases under the 3d and 5th articles all the creditors of the insolvent are interested in the proceedings. But in cases under

the 6th article, and under the statute in question, no creditor is concerned but the particular one who has resorted to legal process for the collection of his debt.

There was an affidavit of the defendant indorsed upon the petition, and it was in the words prescribed by the statute, § 13, refering to 2 R. S., 32, § 5. It is supposed that the affidavit was defective, because it said nothing in particular concerning the account of creditors. But it is enough that the defendant followed the form given him by law.

Due proof of the service of notice and copies of the papers under § 14 was made to the judge at the time of presenting the petition. But when the creditor presented the papers which had been served upon him, it turned out that there had been two clerical errors of no great importance in making the copies. The errors were not of such a character as would be likely to mislead or otherwise prejudice the creditor, and could not, I think, affect the question of jurisdiction. The English courts are very strict in relation to the copy of process under which the party is to be arrested and held to bail. (*Byfield* v. *Street,* and *Nicol* v. *Boyn,* 10 Bing., 27, 339.) But I do not understand those cases as going the length of holding the arrest absolutely void on account of the mistake in the copy of the capias.

It is then said, that if the judge acquired jurisdiction, he lost it by continuing the hearing for more than thirty days. (§ 16.) The judge can not adjourn the hearing for more than thirty days on the application of either party, without the assent of the other. But in this case the hearing was continued more than thirty days with the consent of both parties; and I think the judge did not lose his power to proceed to a final decision.

The form of the oath administered to the debtor was well enough. (§ 15, refering to 2 R. S., 20, § 22.) And as to the objection that the assigneee was not sworn, I see nothing in the statute requiring it. But we need not trouble ourselves with either of these points, as they do not touch the question of jurisdiction. We can not, upon this common law certiorari, look into the evidence to see whether the judge was right on the question of fraud. That doctrine is too

well settled to be a proper subject for judicial discussion. The argument of counsel reported in *Niblo* v. *Post*, 25 Wend., 280, has not altered the law.

Proceedings affirmed.